UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL J. LEBEOUF, JR. | CIVIL ACTION NO. |
| VERSUS | JUDGE |
| PALFINGER MARINE USA, INC., ZURICH AMERICAN INSURANCE COMPANY AND SHELL OIL COMPANY | MAG JUDGE |

## COMPLAINT

NOW INTO COURT, comes Plaintiff, Daniel J. Lebeouf, Jr., a person of the full age of majority, and a domiciliary of Terrebonne Parish, Louisiana, who alleges as follows:

### I. DEFENDANTS

1. Made defendants herein are:

   a) <u>Palfinger Marine USA, Inc.</u>, a Delaware corporation subject to the jurisdiction of this Court.

   b) <u>Zurich American Insurance Company</u>, a foreign insurance company authorized to do and doing business in the State of Louisiana.

   c) <u>Shell Oil Company</u>, a Delaware corporation subject to the jurisdiction of this Court.

### II. JURISDICTION

2. Federal jurisdiction is founded upon the Outer Continental Shelf Lands Act, 43, U.S.C. 1331 et. seq. or, alternatively 33 USCA § 902, et seq., 905(b), as Daniel J. Lebeouf, Jr. sustained serious injuries due to the negligence of the Defendants on Shell Oil Company's Auger

platform which is located on the Outer Continental Shelf off the coast of Louisiana and/or the unseaworthiness of Defendants' lifeboat.

3. Alternatively, federal jurisdiction is founded on the General Maritime Law of the United States, as Daniel J. Lebeouf, Jr. was seriously injured during a lifeboat safety exercise/test while working on or near Shell's Auger platform.

### III. FACTS

4. On or about June 30, 2019, Daniel J. Lebeouf, Jr., an employee of Danos, Inc., was working as a deck operator on the Shell Auger, a tension leg platform located on the Outer Continental Shelf, Garden Banks Block 426, off the coast of Louisiana in the Gulf of Mexico.

5. On June 30, 2019, a safety exercise/test was being conducted on Lifeboat 6. Lifeboat 6 was owned by defendant, Shell Offshore, Inc., with said lifeboat being maintained and inspected by defendant, Palfinger Marine USA, Inc.

6. At all times pertinent hereto the lifeboat was a vessel in navigation within the meaning of Maritime law.

7. During the lifeboat safety exercise/test with Lifeboat 6 on the Shell Auger, the cables, hooks, davits, davit system, or other mechanisms of the lifeboat failed/malfunctioned in several respects, including but not limited to the malfunction of the cable, davits and securing hooks on the lifeboat, resulting in the lifeboat breaking loose and falling around 100 feet into the Gulf of Mexico.

8. As a result of the lifeboat breaking loose, falling and impacting the platform and water, Daniel J. Lebeouf, Jr. suffered both mental and physical injuries, as a result of the death of Brandon M. Dupre.

9. Plaintiff tried to save and/or retrieve his friend, Brandon M. Dupre, from the lifeboat #6 and/or its debris and/or ocean and witnessed his death causing him post-traumatic stress disorder, trouble sleeping at night, lower back pain, etc.

10. Defendants, Shell Oil Company and Palfinger Marine USA, Inc., were responsible for the safe operation of the lifeboat, maintenance and inspection of the lifeboat, the safe execution of the lifeboat safety exercise/test and owed the deceased a general duty to provide a safe working environment. The Defendants were negligent in failing to safely carry out these duties, leading to the death of Brandon M. Dupre and injuries caused to Plaintiff, Daniel J. Lebeouf, Jr.

11. Upon information and belief, the lifeboat, its cables, securing hooks and davits were defective in design and composition. In addition, Defendants, Shell Offshore, Inc. and/or Palfinger Marine USA, Inc., were negligent in failing to adequately inspect and replace the defective securing hooks, cables and davits.

12. Defendants, Shell Oil Company and Palfinger Marine USA, Inc., were negligent in failing to provide Brandon M. Dupre adequate lifesaving equipment and safety equipment during the lifeboat safety exercise/test that ultimately resulted in his death causing serious injuries to plaintiff, Daniel J. Lebeouf, Jr.

13. Plaintiff asserts that the named Defendants are liable for the actions and omissions of their employees and agents.

14. Plaintiff reserves the right to assert additional acts of omission, commission and/or negligence as may emerge during discovery in this matter.

### IV. CAUSES OF ACTION

15. The Outer Continental Shelf Lands Act provides for the application of state law as surrogate federal law on the Outer Continental Shelf. In addition, Plaintiff makes all available claims under Louisiana law to the extent it may apply.

16. Plaintiff therefore makes a claim against all Defendants for negligence per the Louisiana law of negligence found in La. Civil Code art. 2315. Defendants were negligent in failing to provide Daniel J. Lebeouf, Jr. a safe place to work, negligently in failing to properly inspect the lifeboat, cables, securing hooks and davits, negligent in conducting an unsafe lifeboat safety exercise/test, and negligent in failing to provide and deploy proper safety equipment and response that could have helped save Brandon M. Dupre's life.

17. Plaintiff makes a claim under La. Civil Code Art. 2317.1 against all Defendants due to a damage caused by a defective thing in one's custody. Defendants knew or should have known that the securing hooks, cables, davits and lifeboat were defective. These defective items resulted in the death of Brandon M. Dupre that caused serious injuries to plaintiff, Daniel J. Lebeouf, Jr.

18. Plaintiff makes a claim against Palfinger Marine USA, Inc. and/or Zurich American Insurance Company under the Louisiana Product Liability Act, La R.S. 9:2800.51 et seq. The securing hooks and cables were unreasonably dangerous and the risks of using them far outweighed the utility derived from them. Palfinger Marine USA, Inc. and/or Zurich American Insurance Company failed to provide adequate warnings regarding the hazards associated with use of the securing hooks, cables, and davits. Plaintiff alleges defect in design, defect in manufacture or composition, breach of warranty, and failure to give prudent warning.

19. Plaintiff makes a claim for negligence under the General Maritime Law of the United States against all Defendants. Defendants were negligent in failing to provide Daniel J.

Lebeouf, Jr. a safe place to work, negligent in failing to properly inspect the lifeboat, failing to proper steps to correct known or unknown safety defects and securing hooks, failing to notify Shell properly, negligent in allowing and conducting an unsafe lifeboat safety exercise/test, and negligent in failing to provide and deploy proper safety equipment.

20. Plaintiff makes a claim for product liability under the General Maritime Law of the United States against Defendant, Palfinger Marine USA, Inc. Plaintiff alleges defect in design, defect in manufacture or composition, breach of warranty, and failure to give prudent warning.

21. Plaintiff makes a claim for punitive or exemplary damages under the General Maritime Law, as the actions of Defendants were grossly negligent. Defendants acted with flagrant, reckless disregard for the life and safety of Daniel J. Lebeouf's health and safety.

22. Plaintiff asserts all additional causes of action that may be available to him under Louisiana law, the Outer Continental Shelf Lands Act and the General Maritime Law of the United States and 905(b) under the Longshore and Harbor Workers Compensation Act.

23. At all times pertinent hereto, Zurich American Insurance Company, had in force and effect a policy of insurance issued to defendant, Palfinger Marine USA, Inc., which provided coverage for the claims made herein.

## V. DAMAGES

24. As a consequence of the negligence, actions and omissions of the Defendants, Plaintiff asserts claims for damages including but not limited to:

    a) Severe pain and suffering (both physical and mental);

    b) Mental Anguish and distress;

    c)    Individual losses, including loss resulting from emotional distress, loss of love and affection, loss of past and future support, and the value of past and future services.

    d)    Past and future medical expenses;

    e)    Impairment of earning capacity;

    f)    Loss of past and future wages;

    g)    Loss of past and future fringe benefits;

    h)    Punitive/exemplary damages for the actions of Defendants; and

    h)    All other damages which may be proven at the trial of this matter or discovered prior to trial.

## VI. PRAYER

25.    WHEREFORE, Plaintiff, Daniel J. Lebeouf, Jr., prays for judgment against the Defendants, Palfinger Marine USA, Inc., Zurich American Insurance Company and Shell Oil Company, jointly, and in solido, as follows:

    1)    In favor of Daniel J. Lebeouf, Jr. for such damages, including punitive/exemplary damages, as are reasonable;

    2)    In favor of Daniel J. Lebeouf, Jr. for such damages as a reasonable for the injuries suffered he sustained;

    3)    Legal interest on the amounts prayed for from date of judicial demand until paid and all costs of these proceedings;

    4)    For all general and equitable relief to which he may be entitled.

Respectfully submitted:

_____
E. JAMES GAIDRY, JR. (#21600)
Gaidry Law Group
7921 Park Avenue
Houma, LA 70364
Telephone: (985) 223-4400
Fax: (985) 223-4402
Attorney for Plaintiff

PLEASE SERVE:

Palfinger Marine USA, Inc.
Through its registered agent for service
    Gary W. Joseph
    912 Highway 90 E
    New Iberia, LA 70560

Zurich American Insurance Company
Through its registered agent for service
    Louisiana Secretary of State
    8585 Archives Ave.
    Baton Rouge, LA 70809

Shell Oil Company
Through its agent for service of process
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816