UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DANIEL J LEBEOUF JR** | **CASE NO. 6:20-CV-00813** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PALFINGER MARINE U S A, INC. ET AL** | **MAGISTRATE JUDGE HANNA** |

### MEMORANDUM RULING

Before the Court is "Defendant, Zurich American Insurance Company's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaints for Failure to State a Claim Upon Which Relief can be Granted" (Doc. 23) wherein Zurich moves to dismiss Plaintiff's claims because he does not fall within the class of individuals specifically enumerated as being allowed to recover for bystander claims pursuant to Louisiana Civil Code article 2315.6 and he does not meet the "zone of danger" test set forth in General Maritime Law. Alternatively, Zurich maintains that the claims alleged by Plaintiffs for negligent inspections must be dismissed because Plaintiffs have failed to plead facts to establish that Zurich was an inspector or caused inspections to be made.

### FACTUAL ALLEGATIONS

On June 30, 2019, Shell Oil Company ("Shell") was conducting a safety exercise/test on Lifeboat 6 which it owned.[1] During that test, the cables, hooks, davits, davit system or other mechanisms of the lifeboat failed allegedly resulting in the lifeboat

---
[1] Complaint, Doc. 1, ¶ 5.

breaking loose and falling over seventy (100) feet into the Gulf of Mexico.[2] Brandon Dupre, who was working as an employee of Shell and a friend of Plaintiff, Daniel J. Lebeouf, Jr. suffered severe physical injuries due to the incident and died from drowning.[3]

When the incident occurred, Lebeouf an employee of Danos, Inc.,[4] attempted to save his friend, Brandon Dupre and witnessed his death causing him post-traumatic stress disorder, trouble sleeping at night, lower back pain, etc.[5]

In their Second Amended Complaint, Plaintiff alleges that in addition to being the insurer of Palfinger Marine USA, Inc., Zurich was responsible for the annual inspection of the lifeboat and owed the deceased and Plaintiff a general duty to provide a safe working environment.[6] Plaintiff further alleges that Zurich failed to warn or have the defective cables/boat repaired/replaced.[7]

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,*

---

[2] Complaint, Doc. 1, ¶ 7.
[3] Id. ¶ 8.
[4] Id. ¶ 4.
[5] Id. ¶ 9
[6] Second Supplemental And Amending Petition, Doc. 14, ¶ ¶ 10 and 11, 23(A).
[7] Id. ¶ 23(A).

561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Zurich maintains that Plaintiff's claims that Zurich is an inspector or caused to have an inspection made are deficient because (1) Plaintiff is not a proper plaintiff within the limits of Louisiana Civil Code Article 2315.6 or under General Maritime Law, (2) Plaintiff's claims of "negligent inspection" and/or "failure to inspect" are conclusory as to the facts,  (3) Plaintiff cannot establish the existence of a duty, or a relationship between Zurich and Decedent, (4) Plaintiff cannot establish pursuant to Louisiana Civil Code article 2317.1 that Zurich had custody of the lifeboat, and (5) Plaintiff cannot maintain a claim under the Louisiana Products Liability Act because Zurich is not a manufacturer.

*Emotional Distress*

Zurich maintains that Plaintiff is not eligible to recover damages for emotional distress as a bystander under General Maritime Law or under Louisiana Law. Louisiana Civil Code article 2315.6 specifically enumerates those individuals as follows:

(1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.

  (2)  The father and mother of the injured person, or either of them.
  (3)  The brothers and sisters of the injured person, or any of them.
  (4)  The grandfather and grandmother of the injured person, or either of them.

Plaintiff has not alleged that he falls within any of the enumerated categories of individuals permitted by Louisiana law to recover for emotional distress as a result of witnessing an accident. The Court agrees and will dismiss Plaintiff's claims for emotional distress and/or mental anguish under Louisiana law and General Maritime law.

*Negligent inspection and/or failure to inspect*

In his initial Complaint, Plaintiff alleges that he suffered both mental and physical injuries as a result of the death of Brandon M. Dupre. He further alleges that he "tried to save and/or retrieve his friend, Brandon M. Dupre, from lifeboat #6 and/or its debris and/or ocean and witnessed his death causing him post-traumatic stress disorder, trouble sleeping at night, lower back pain, etc."[8]

Plaintiff, through counsel, asserts in his opposition that through oral representations, counsel was apprised that Zurich conducted an inspection or commissioned another party to conduct an inspection on its behalf that uncovered the defective conditions that lead to Brandon Dupre's severe physical injuries and wrongful death. Thus, Plaintiff contends that he has a claim against Zurich for negligent inspection if Zurich or someone on its behalf conducted an inspection, discovered a defective condition, and did nothing about it and/or failed to remove the vessel from use. Plaintiff complains that due to the infancy of this case, they have not had the opportunity to conduct discovery.

---

[8] Complaint, Doc.1, ¶ 9.

Zurich maintains that Plaintiff has failed to allege that he suffered physical injuries as a direct result of the accident, or that he was ever at immediate risk of physical harm to his person. The Court must accept as true Plaintiff's allegations and in the light most favorable to Plaintiff. The Court is cognizant that this case is in its infancy and discovery has not been conducted. Therefore, the motion to dismiss will be denied as to the negligence claim; however, the Court would entertain a motion for summary judgment to flesh out the facts in this case as to Zurich's duty and the physical injuries Plaintiff alleges he suffered should Zurich choose to file a dispositive motion.

## **CONCLUSION**

For the reasons set forth above, the Motion to Dismiss will be granted in part and denied in part. The Motion to Dismiss will be granted to the extent that Plaintiff's claim for emotional distress will be dismissed with prejudice; otherwise the motion will be denied.

**THUS DONE AND SIGNED** in Chambers, this 19th day of November, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**